**Bahadur SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70248.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 24, 2008.

Bahadur Singh, Ceres, CA, for pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Steven J. Saltiel, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

## MEMORANDUM **

Bahadur Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Singh's inability to conclusively demonstrate his true identity as a Sikh goes to the heart of his asylum claim, and therefore substantial evidence supports the agency's adverse credibility determination. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003); *see also Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004) (explaining that adverse credibility ruling will be upheld so long as identified inconsistencies go to heart of asylum claim). Because Singh failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence likewise supports the denial of Singh's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

